Peter C. Catalanotti (SBN 230743)
peter.catalanotti@wilsonelser.com
Audrey Tam (SBN 305437)
audrey.tam@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA  94111
Telephone:     (415) 433-0990
Facsimile:      (415) 434-1370

Attorneys for Defendant
US ASSURE INSURANCE SERVICES OF FLORIDA, INC. D/B/A INLINK INSURANCE SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS PENNINGTON, KELLI PENNINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>US ASSURE INSURANCE SERVICES OF FLORIDA, INC. D/B/A INLINK INSURANCE SERVICES, JOHN M. BROWN INSURANCE AGENCY, INC. D/B/A FARMER BROWN INSURANCE, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.:  4:24-cv-06813-DMR<br><br>*ASSIGNED TO MAGISTRATE JUDGE DONNA M. RYU*<br><br>**DEFENDANT US ASSURE INSURANCE SERVICES OF FLORIDA, INC. D/B/A INLINK INSURANCE SERVICES' <u>MOTION TO STRIKE</u> PORTIONS OF PLAINTIFFS' COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**(FRCP 12(f))**<br><br>Date: February 27, 2025<br>Time: 1:00 p.m.<br>Courtroom: 4<br>Judge: Hon. Donna M. Ryu<br><br>Action Filed: September 27, 2024<br>Trial Date: None set |

PLEASE TAKE NOTICE that on February 27, 2025, at 1:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 4 (3rd Floor) in the United States Courthouse, Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Defendant US Assure Insurance Services of Florida, Inc. d/b/a Inlink Insurance Services ("Defendant") will and

1

1  hereby does move, pursuant to FRCP 12(f), to strike Plaintiffs Thomas Pennington and Kelli
2  Pennington's (collectively, "Plaintiffs") request for attorney's fees, emotional distress damages,
3  general damages, and disgorgement of commissions on the grounds that the requests are
4  immaterial, impertinent, and improper.

5        The motion will be based on this Notice of Motion and Motion, the Memorandum of
6  Points and Authorities filed herewith, and the pleadings and papers field herein.

                                                         Respectfully submitted,

Dated: January 15, 2025                WILSON, ELSER, MOSKOWITZ,
                                                        EDELMAN & DICKER LLP

                                                        By: _____
                                                          Peter C. Catalanotti
                                                          Audrey Tam
                                                          Attorneys for Defendant
                                                          US ASSURE INSURANCE SERVICES OF
                                                          FLORIDA, INC. D/B/A INLINK
                                                          INSURANCE SERVICES

## MOTION TO STRIKE

Defendant US Assure Insurance Services of Florida, Inc. d/b/a Inlink Insurance Services ("Defendant") presents the following Motion to Strike portions of Plaintiffs Thomas Pennington and Kelli Pennington's (collectively, "Plaintiffs") Complaint as follows:

**Paragraph 25** (underlined portion): Defendants' negligence was a substantial factor in causing Plaintiffs' harm, including but not limited to, lack of coverage under the Policy, <u>emotional distress</u>, delay in remodeling and repairs, loss of use, the costs and <u>attorney's fees</u> incurred in the attempt to enforce Plaintiffs' rights, in an amount according to proof at trial;

**Paragraph 44** (underlined portion): Plaintiffs are entitled to and do seek a declaration that the above-described business practices are unfair and unlawful, and further seek an injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future, and <u>disgorgement of profits</u> Defendants obtained from Plaintiffs through their unfair and unlawful practices;

**Paragraph 45** (underlined portion): Pursuant to Business & Professions Code sections 17200, et seq., Plaintiffs are entitled to a permanent injunction requiring Defendants to halt their unlawful practices; to <u>disgorge their commissions</u> back to Plaintiffs, <u>an award of attorneys' fees</u> pursuant to Code of Civil Procedure § 1021.5, and other applicable laws; and an award of costs;

**Prayer B:** For general damages, according to proof;

**Prayer C** (underlined portion)**:** For compensatory and statutory damages, <u>attorneys' fees</u> and costs according to proof at trial; and

**Prayer D:** For reasonable attorneys' fees, incurred by Plaintiffs.

This Motion is made on the grounds that under FRCP 12(f), the Complaint contains redundant, immaterial, impertinent, or scandalous matters, and the portions of the pleading to be stricken are not drawn or filed in conformity with the laws of California, the Federal Rules of Civil Procedure, a court rule, or an order of the court. Plaintiffs have not pled any facts that support their request for attorney's fees, emotional distress damages, general damages, and disgorgement of commissions from Defendant.

///

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated: January 15, 2025 | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |
| | By: _____<br>Peter C. Catalanotti<br>Audrey Tam<br>Attorneys for Defendant<br>US ASSURE INSURANCE SERVICES OF FLORIDA, INC. D/B/A INLINK INSURANCE SERVICES |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. Introduction**

Plaintiffs Thomas Pennington ("Thomas") and Kelli Pennington ("Kelli") (collectively, "Plaintiffs") allege that Defendants US Assure Insurance Services of Florida, Inc. dba Inlink Insurance Services ("Defendant") and John M. Brown Insurance Agency dba Farmer Brown Insurance ("Brown") failed to obtain appropriate insurance coverage for them for a remodel project at Plaintiffs' real property located at 965 55th Street, Oakland, California ("Property").

Plaintiffs claim that they requested a quote for a "Builder's Risk Policy" on Brown's website and identified "remodel" as the project type. Plaintiffs received and agreed to a proposal from Brown's office and assumed they were purchasing the policy they requested. After obtaining the policy, Plaintiffs began their remodel project. A little over a month later, fire damaged the Property's garage, and Plaintiffs submitted a claim that was ultimately denied because the policy only covered new construction—not a remodeling project. Following a complaint and investigation with the California Department of Insurance ("DOI") that resulted in the DOI not finding any wrongdoing by Defendant, this lawsuit was filed. On September 27, 2024, Plaintiffs filed suit against Defendant and Brown for (1) Negligent Failure to Obtain Insurance Coverage, (2) Negligent Misrepresentation, (3) Unlawful Business Practices (Bus. & Prof. Code § 17200, et seq.), and (4) False Advertising (Bus. & Prof. Code § 17500, et seq.) seeking, as relevant to this Motion, attorney's fees, emotional distress and general damages, and disgorgement of profits/commissions from Defendant.

As discussed in depth below, Plaintiffs are not entitled to these categories of damages because (1) Plaintiffs have failed to identify a contract or applicable statute under which they would be entitled to recover their attorney's fees, (2) Defendant did not assume any duty as to Plaintiffs' emotional condition, and (3) recovery of non-restitutionary disgorgement of profits/commission is not an appropriate remedy in individual actions under the unfair competition laws. As such, Defendant seeks to strike these improper requests for damages because it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues" and "avoid the expenditure of time and money that must arise from

litigating spurious issues by dispensing with those issues prior to trial." (*Sliger v. Prospect Mortg., LLC* (E.D. Cal. 2011; *Whittlestone, Inc. v. Handi-Craft Co.* (9th Cir. 2010) 618 F.3d 970, 973; *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.* (6th Cir. 2015) 783 F.3d 1045, 1050.)

Accordingly, Defendant respectfully requests that its Motion to Strike be granted without leave to amend.

**2. Allegations from the Complaint**

Plaintiffs allege that they purchased a policy of insurance that was issued by Zurich American Insurance Company ("Zurich"), Policy No. ER74070437 ("Policy") for their Property. (Dkt. #1, Compl., ¶¶ 2, 5-6, 10.) The Policy insured risks at the Property. (Dkt. #1, Compl., ¶ 11.)

Before obtaining the Policy, Plaintiffs reviewed marketing and advertising materials from Brown on the internet. (Dkt. #1, Compl., ¶ 12.) Plaintiffs claim that they requested a quote for a "Builder's Risk Policy" via Brown's website on or about September 22, 2022, identifying the project type as a remodel. (*Id.*) The next day, Plaintiffs received a proposal from Andrea Pena of Brown's office for the "Builders Risk and Installation" policy presented by Defendant that was delivered to Plaintiffs by Brown. (*Id.*) The proposal stated that the proposal was for "All Property at All Locations." (*Id.*)

Thomas signed the proposal on October 11, 2022 and Plaintiffs assumed that they were purchasing the policy that they requested and was promised to them. (Dkt. #1, Compl., ¶ 13.)

After obtaining the Policy, Plaintiffs began their remodeling project and vacated the Property during the time of construction. (Dkt. #1, Compl., ¶ 14.)

Approximately six weeks later, on November 23, 2022, a fire damaged the Property's garage. (Dkt. #1, Compl., ¶ 15.) Plaintiffs contacted Brown on November 28, 2023, who told them to file a claim with Zurich. (*Id.*)

After filing their claim, Plaintiffs learned from Zurich's adjuster that the Policy covered new construction and not a remodeling project. (Dkt. #1, Compl., ¶ 16.) As a result, Zurich denied the claim and cancelled the Policy. (*Id.*) Brown issued a cancelation notice to Plaintiffs explaining that the cancelation was because the Policy was issued incorrectly as new construction. (*Id.*) The

notice also explained that the scope of work that included foundation replacement and raising an existing single-family residence was not eligible for the Builder's Risk program. (*Id.*) Plaintiffs were left uninsured and scrambled to find replacement coverage. (*Id.*)

Plaintiffs claim that the repair cost of the garage will exceed $150,000, pending a final estimate to include code upgrades and complexities of the project. (Dkt. #1, Compl., ¶ 17.)

**3. Legal Argument**

    **a. Standard for Motion to Strike under FRCP 12(f)**

A pleading is subject to a motion to strike if it contains "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (FRCP 12(f).) A motion to strike has also been deemed appropriate if it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." (*Sliger, supra,* 789 F.2d at 1216.) The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." (*Whittlestone, supra,* 618 F.3d at 973; *Operating Engineers Local 324 Health Care Plan, supra,* 783 F.3d at 1050.)

The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters that the court may judicially notice (e.g., the court's own files or records). (*SEC v. Sands* (C.D. CA 1995) 902 F.Supp. 1149, 1165 (citing text); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.* (C.D. CA 2014) 301 FRD 487, 489-490.)

    **b. Plaintiffs' request for <u>attorney's fees</u> is improper.**

Attorney's fees are recoverable pursuant to applicable statute or the parties' contract. (CCP § 1021.) "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation ... is left to the agreement, express or implied, of the parties." (CCP § 1021.) CCP § 1021 is the California version of the "American rule" under which each party must pay its own legal fees. (7 Witkin Cal. Proc. Judgm. § 152.)

Here, Plaintiffs seek attorney's fees from Defendant in the Complaint. (Dkt. #1, Compl., ¶¶ 25 and 45 and Prayers C and D.) However, the Complaint is completely devoid of any contractual basis under which Plaintiffs could recover their attorneys' fees from Defendant.

While Plaintiffs identify CCP § 1021.5 as a statutory basis for recovery of attorney's fees, § 1021.5 provides, "[u]pon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest *if*: (a) <u>a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons</u>, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." (Emphasis added.) As discussed in Defendant's concurrently filed Motion to Dismiss, Plaintiffs have failed to state causes of action for violations of Bus. & Prof. Code §§ 17200 and 17500 against Defendant because the only alleged unlawful act by Defendant is "presenting" a proposal for the Policy that was from Brown's office that was delivered to Plaintiffs by Brown. (Dkt. #1, Compl., ¶ 12.) There is no explanation as to how Defendant's alleged conduct affected the general public. Nor is there any allegation that Defendant engaged or misled any members of the general public that would warrant Plaintiffs' recovery of attorney's fees. It is clear that Plaintiffs are the only individuals affected by Defendant's alleged conduct. Plaintiffs have failed to allege that they are entitled to fees under §1021.5. Further, any benefit to the public is secondary to Plaintiffs' personal and financial goals in initiating this lawsuit.

Plaintiffs have not identified any viable contractual or statutory basis to recover attorney's fees from Defendant. Accordingly, Plaintiffs' requests for attorney's fees from Defendant must be stricken from the Complaint at Paragraphs 25 and 25 and Prayers C and D, without leave to amend.

**c. Plaintiffs' request for <u>emotional distress and general damages</u> is improper.**

General damages are those damages that necessarily result from the act complained of. Put differently, general damages flow from the injuries sustained. Consequently, general damages are implied by law, and may be inferred from the nature of the injury itself. General damages include damages for pain and suffering, emotional distress, and other forms of detriment that are sometimes characterized as subjective or not directly quantifiable. (*Licudine v. Cedars-Sinai Medical Center* (2016) 3 Cal.App.5th 881, 881.)

Generally, unless a defendant has assumed a duty to plaintiff in which plaintiff's emotional

8

DEFENDANT US ASSURE INSURANCE SERVICES OF FLORIDA, INC. D/B/A INLINK INSURANCE SERVICES' <u>MOTION TO STRIKE</u> PORTIONS OF PLAINTIFFS' COMPLAINT (FRCP 12(f))

306949642v.3

condition is an object, recovery is available only if emotional distress arises out of defendant's breach of some other legal duty and is proximately caused by breach of that independent duty; and even then, with rare exceptions, that breach of duty must threaten physical injury, not simply damage to property or financial interests. (*Erlich v. Menezes* (1999) 21 Cal. 4th 543, 555.)

Defendant did not assume any duty to Plaintiffs as to their emotional condition, and even if it had, any breach of that duty must threaten physical injury, and not just financial interests. Here, Plaintiffs allege that as a result of Defendant failing to obtain proper coverage for the Property, they were left uninsured after the Property's garage was damaged after a fire. (Dkt. #1, Compl., ¶¶ 15-16.) Plaintiffs claim that the cost of the repair of the garage will exceed $150,000, demonstrating that any breach of duty by Defendant only threatened Plaintiffs' financial interests. (*Id.* at ¶ 17.) Accordingly, Plaintiffs' request for emotional distress and general damages must be stricken from the Complaint.

### d. Plaintiffs' request for disgorgement of commissions/profits is improper.

Disgorgement of profits obtained by an unfair business practice is not an authorized remedy in an individual action under Bus. & Prof. Code § 17200. (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1146-1147.)  Restitution is a remedy, but is limited to restoring property in which the plaintiff has an ownership interest. (*Korea Supply Co., supra,* 29 Cal.4th 1134, 1149.) Indeed, "[r]emedies for private individuals bringing suit under the UCL are limited to restitution and injunctive relief." (*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *20 (N.D. Cal. Aug. 30, 2017) (*citing Pom Wonderful LLC v. Welch Foods, Inc.*, No. CV 09-567 AHM AGRX, 2009 WL 5184422, at *2 (C.D. Cal. Dec. 21, 2009).)

As a preliminary matter, Plaintiffs make no claim that Defendant received a commission or any profit from its alleged role in their obtaining the Policy for Plaintiffs. Therefore, even if disgorgement of profits were an appropriate remedy in the individual action filed by Plaintiffs, Plaintiffs' request for disgorgement from Defendant is improper because there is nothing for Defendant to disgorge.

Furthermore, non-restitutionary disgorgement of profits is not available as a remedy in

individual actions under the unfair competition laws. (*Korea Supply Co., supra,* 29 Cal.4th 1134, 1149.) Here, Plaintiffs do not seek restitution. Therefore, it cannot be said that Plaintiffs seek restitutionary disgorgement of profits from Defendant.

Based on the foregoing, Plaintiffs' request for disgorgement of commissions/profits must be stricken from the Complaint.

**4. Conclusion**

For the foregoing reasons, the Court should grant Defendant's Motion to Strike attorney's fees, emotional distress damages, general damages, and disgorgement of commissions from the Complaint pursuant to FRCP 12(f).

Respectfully submitted,

Dated: January 15, 2025

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Audrey Tam
Peter C. Catalanotti
Audrey Tam
Attorneys for Defendant
US ASSURE INSURANCE SERVICES OF FLORIDA, INC. D/B/A INLINK INSURANCE SERVICES

**PROOF OF SERVICE**

*Thomas Pennington, et al. vs. US Assure Insurance Services of Florida, Inc., et al.*
United States District Court Case No.: 4:24-cv-06813

At the time of service I was over 18 years of age and not a party to this action. I am employed by Wilson Elser Moskowitz Edelman & Dicker LLP in the County of San Francisco, State of California. My business address is 655 Montgomery Street, Suite 900, San Francisco, California 94111. My business Facsimile number is (415) 434-1370. On this date I served the following document(s):

**DEFENDANT US ASSURE INSURANCE SERVICES OF FLORIDA, INC. D/B/A INLINK INSURANCE SERVICES' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☐: By United States Mail. I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒: By E-Service in conjunction with E-Filing the document(s) listed above through the Court's CM/ECF system, which effects electronic service on counsel and parties who are registered with the CM/ECF system.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on January 15, 2025, at Hayward, California.

_____
Audrey Tam

**SERVICE LIST**

*Thomas Pennington, et al. vs. US Assure Insurance Services of Florida, Inc., et al.*
United States District Court Case No.:  4:24-cv-06813

| |
|---|
| Gene V. Halavanau<br>HALAVANAU LAW OFFICE, P.C.<br>1388 Sutter Street, Suite 1010<br>San Francisco, CA 94109<br>T:  (415) 692-5301<br>F:  (415) 692-8412<br>E:  gene@halavanau.com<br><br>Aleksandr A. Volkov<br>VOLKOV LAW FIRM, P.C.<br>674 Ygnacio Valley Road, Suite B209<br>Walnut Creek, CA 94596<br>T:  (415) 987-7000<br>F:  (415) 276-6376<br>E:  alex@volf.com<br><br>***Attorneys for Plaintiffs Thomas Pennington and Kelli Pennington*** |

12

DEFENDANT US ASSURE INSURANCE SERVICES OF FLORIDA, INC. D/B/A INLINK INSURANCE SERVICES' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT (FRCP 12(f))

306949642v.3