UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PENNINGTON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>US ASSURE INSURANCE SERVICES OF FLORIDA, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-06813-DMR<br><br>**ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 17, 19 |

Plaintiffs Thomas and Kelli Pennington bring this complaint against Defendants US Assure Insurance Services of Florida, Inc. ("US Assure") and John M. Brown Insurance Agency, Inc. ("Brown"). [Docket No. 1 (Compl.).] US Assure moves to dismiss the claims against itself and to strike portions of Plaintiffs' complaint. [Docket Nos. 17 (Mot. Dismiss); 19 (Mot. Strike).][1] Plaintiffs oppose both motions. [Docket Nos. 24 (Opp'n Dismiss); 25 (Opp'n Strike).] A hearing was held on April 10, 2025. For the following reasons, the motion to dismiss is granted with leave to amend. The motion to strike is denied.

I.   **BACKGROUND**

Plaintiffs make the following allegations in the complaint, which the court takes as true for purposes of this motion.[2] They are a married couple residing in Alameda County, California. Compl. ¶ 4. US Assure is an insurance broker incorporated and with its principal place of business in Florida. *Id.* ¶ 5. Brown is an insurance broker incorporated and with its principal

---

[1] Brown filed an answer to the claims brought against it. [Docket No. 30.]

[2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

1  place of business in Texas. *Id.* ¶ 6.

2        Plaintiffs sought to remodel their home located at 965 55th Street, Oakland, California

3  ("Property"). *Id.* ¶¶ 2, 14. Plaintiffs allege that, on September 22, 2022, after reviewing

4  marketing and advertising materials from Brown on the Internet, they requested a quote for a

5  "Builder's Risk Policy" from Brown by filling out a form on Brown's website. *Id.* ¶ 12. The form

6  included an option to select "Remodel" as the project type, which Plaintiffs selected. *Id.* The next

7  day, Plaintiffs received a proposal from Brown for a "Builders Risk and Installation" policy,

8  presented by US Assure and delivered to Plaintiffs by Brown. *Id.* Plaintiffs reasonably assumed

9  that the proposed policy was the policy that they had requested on Brown's website. *Id.* ¶ 13.

10  Plaintiffs signed the proposal on October 11, 2022. *Id.* The policy was issued by Zurich

11  American Insurance Company ("Zurich"), identified as policy No. ER74070437 ("Policy"). *Id.* ¶

12  10.

13        Plaintiffs began their remodeling project. *Id.* ¶ 14. However, on November 23, 2022, fire

14  damaged the Property's garage. *Id.* ¶ 15. After Plaintiffs filed a claim with Zurich, they learned

15  that the Policy they had purchased was for covering new construction, not a remodeling project.

16  *Id.* ¶ 16. As a result, Zurich denied the claim and cancelled the Policy. *Id.* Brown then sent a

17  policy cancellation notice to Plaintiffs, which explained that the reason for the cancellation was

18  that Plaintiffs had a remodeling project, and the Policy was issued incorrectly as new construction.

19  *Id.* Further, the notice stated that Plaintiffs' remodeling project was ineligible for Zurich's

20  Builder's Risk program. *Id.* Plaintiffs were left uninsured. *Id.* Plaintiffs allege that the repair

21  cost of the garage will exceed $150,000. *Id.* ¶ 17.

22        Plaintiffs assert diversity jurisdiction. *Id.* ¶ 1. They bring four claims under California

23  state law against both Defendants: 1) negligent failure to obtain insurance coverage; 2) negligent

24  misrepresentation; 3) violation of the Unfair Competition Law ("UCL"), California Business &

25  Professions Code section 17200 et seq.; and 4) violation of the False Advertising Law ("FAL),

26  California Business & Professions Code section 17500 et seq. Plaintiffs seek seven types of relief

27  labeled as A-G: A) "special, economic damages, according to proof"; B) "general damages,

28  according to proof"; C) "compensatory and statutory damages, attorneys' fees and costs according

United States District Court
Northern District of California

1  to proof at trial"; D) "reasonable attorneys' fees, incurred by Plaintiffs"; E) interest on the
2  compensatory damages; F) costs; and G) "such other and further relief as the court deems just and
3  proper."

4  US Assure moves to dismiss claims against it under Federal Rules of Civil Procedure
5  12(b)(6). US Assure also moves, apparently in the alternative, to strike certain phrases and
6  prayers for relief from the complaint under Rule 12(f).

## II. REQUESTS FOR JUDICIAL NOTICE

US Assure requests judicial notice of Plaintiffs' Policy pursuant to Federal Rules of Evidence 201. [Docket No. 18 (Def. RJN).] Plaintiffs request judicial notice of their deed on the Property. [Docket No. 24-1 (Plf. RJN).]

A district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018). If "matters outside the pleading are presented to and not excluded by the court," the court must treat the motion as a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Both of these procedures permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018).

US Assure cites *Johnson*, which states that the court "may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it." *Johnson v. Fed. Home Loan Mortg. Corp.,* 793 F.3d 1005, 1007 (9th Cir. 2015). Based on *Johnson,* US Assure appears to argue that the court should consider the Policy because it is incorporated by reference in the complaint. Def. RJN. US Assure asserts that the document it attached as Exhibit A to its request for judicial notice is, in fact, the Zurich policy No. ER74070437 issued to Plaintiffs and referenced in Plaintiffs' complaint. Def. RJN, Ex. A. Plaintiffs object because they argue, among other things, that the

3

1  document is only an unsigned draft of a policy, its authenticity is not supported by an affidavit,

2  and it is an incomplete excerpt of the policy. Opp'n Dismiss 9-10. Unlike in *Johnson,* Plaintiffs

3  contest the authenticity of US Assure's exhibit and have presented arguments with facial

4  plausibility. As such, the court declines to incorporate the document by reference. *See Casa Nido*

5  *P'ship v. Kwon*, No. 20-CV-07923-EMC, 2021 WL 5053084, at *3 (N.D. Cal. Nov. 1, 2021) ("If

6  the plaintiff's dispute of authenticity has facial plausibility, the court cannot make a credibility

7  finding concerning the matter at this stage.").

8  In their opposition, Plaintiffs seek judicial notice of a "Grant Deed" recorded in the official

9  records of Alameda County demonstrating their joint ownership of the Property. Plf. RJN, Ex. 1.

10  US Assure does not object. A court may take judicial notice of undisputed matters of public

11  record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). The Grant Deed is a

12  matter of public record, and US Assure does not dispute that it shows Plaintiffs as joint owners of

13  the Property. The court grants Plaintiffs' request for judicial notice.

14  **III.  LEGAL STANDARDS**

15  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

16  the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

17  When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

18  of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a

19  claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual

20  matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*,

21  622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009);

22  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has

23  facial plausibility when a plaintiff "pleads factual content that allows the court to draw the

24  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

25  678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and

26  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

27  *Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

28  Rule 8(a) provides that a pleading must contain "a short and plain statement of the claim

4

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quotation omitted).

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" when it "has no essential or important relationship to the claim for relief or the defenses being pleaded, while '[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial, and such a motion may be appropriate where it will streamline the ultimate resolution of the action. *Fantasy*, 984 F.2d at 1527–28. "A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Lee v. Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal. 2019) (citing *Fantasy*, 984 F.2d at 1528). "Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). "The grounds for a motion to strike must appear on the face of the pleading under attack," and "the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014) (citations omitted).

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). However, leave to amend may be denied where the complaint "could

5

not be saved by any amendment," i.e., "where the amendment would be futile." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## IV. MOTION TO DISMISS

US Assure moves to dismiss all four claims brought against it.

First, US Assure points to the policy attached to its request for judicial notice as demonstrating that Plaintiffs purchased a policy that was only for new construction, not remodeling. Mot. Dismiss 8-9. As discussed above, the court does not consider the policy attached by US Assure. Even if the court could consider it, the text of the policy does not contradict Plaintiffs' complaint, which includes the allegation that Plaintiffs purchased a policy for covering new construction rather than for remodeling. Compl. ¶ 16. This is not a breach of contract case. Plaintiffs' theory of harm does not arise from the text of the Policy itself, but rather the conduct preceding Plaintiffs' purchase of the Policy, in which they were allegedly misled into believing that the Policy would cover their remodeling project. *Id.* ¶¶ 12-13.

US Assure also argues that Kelli Pennington lacks standing because Thomas Pennington was the sole named insured in the Policy. Mot. Dismiss 9. Again, the court does not consider the policy attached by US Assure. Even if the court could consider it, US Assure's argument is unavailing. To satisfy the Article III standing requirement in federal court, Plaintiffs must show: (1) an "injury in fact" that is concrete and particularized, as well as actual or imminent, and not conjectural or hypothetical; (2) that the injury is fairly traceable to Defendants' challenged conduct; and (3) that it is likely, as opposed to merely speculative, that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, the "injury in fact" is that Plaintiffs were left uninsured when their Property was damaged, causing them $150,000 in damages. The injury is fairly traceable to Defendants' allegedly misleading conduct, because it can be reasonably inferred based on the pleadings that if not for Defendants' misrepresentations, Plaintiffs would have obtained appropriate insurance and would not have sustained $150,000 in damages. Plaintiffs also point out that they share joint ownership of the Property as a married couple and pursuant to the Grant Deed, and so they are both equally harmed by any damages to the Property. Opp'n Dismiss 1-2. US Assure does not explain why only

someone named in the Policy can be said to have suffered an injury under these facts.

The court now turns to US Assure's argument that Plaintiffs failed to plead the elements of each of their claims.

### A.     Negligent Failure to Obtain Insurance Coverage

Plaintiffs' first claim is for negligent failure to obtain insurance coverage. "California recognizes the general rule that an agent or broker who intentionally or negligently fails to procure insurance as requested by a client—either an insured or an applicant for insurance—will be liable to the client in tort for the resulting damages." *AMCO Ins. Co. v. All Solutions Ins. Agency, LLC*, 244 Cal. App. 4th 883, 890 (2016). "An insurance agent has an 'obligation to use reasonable care, diligence, and judgment in procuring insurance requested by an insured.'" *Desai v. Farmers Insurance Exchange,* 47 Cal. App. 4th 1110, 1119–1120 (1996) (internal citations omitted). "Moreover, if the agent fails to exercise reasonable care in procuring the type of insurance that the insured demanded and bargained for, the cases hold that the insurer may be liable under theories of ratification and ostensible authority." *Id.* at 1120. "Absent some notice or warning, an insured should be able to rely on an agent's representations of coverage without independently verifying the accuracy of those representations by examining the relevant policy provisions." *Clement v. Smith*, 16 Cal. App. 4th 39, 45 (1993).

US Assure argues that, to the extent there was any negligent failure to discharge a duty to obtain requested insurance, the liability is solely Brown's. US Assure points out that the only reference to actual conduct by US Assure is a single line stating that the Policy was "presented by" US Assure and delivered to Plaintiffs by Brown. Compl. ¶ 12. The rest of the allegations only reference conduct by Brown. For example, Plaintiffs requested a quote on Brown's website, and they were in communication with Brown employee Andrea Pena regarding the Policy. *Id.* US Assure argues that Plaintiffs failed to meet Rule 8 pleading standards because their claims improperly group US Assure together with Brown without differentiating their conduct. Mot. Dismiss 11.

Plaintiffs argue they have pleaded that US Assure had a duty to provide adequate insurance coverage for Plaintiffs. Opp'n Dismiss 3; Compl. ¶ 22. In addition, the complaint states that US

7

1    Assure is licensed to do business in California and does not state that Brown is licensed to do
2    business in California. Compl. ¶¶ 5-6. From there, Plaintiffs argue that the court can infer that
3    Brown needed US Assure's involvement to operate in California, so US Assure's conduct played a
4    "central role" in causing Plaintiffs to purchase the wrong insurance. Opp'n Dismiss 3.

5         The complaint makes a conclusory allegation that US Assure owed a duty to Plaintiffs.
6    Plaintiffs assert for the first time in opposition that US Assure is the agent listed on the Policy, but
7    the court cannot consider this fact as it was not included in the pleadings. In addition, there is no
8    indication that Plaintiffs requested a particular type of insurance *from US Assure*. Plaintiffs'
9    pleadings do not support a reasonable inference that US Assure had a duty to Plaintiffs to procure
10   remodeling insurance as opposed to new construction insurance. The only factual assertions made
11   in the complaint are that US Assure is licensed to do business in California, and that US Assure
12   "presented" the Policy that was ultimately delivered to Plaintiffs by Brown. Compl. ¶¶ 5, 12.
13   Such bare allegations are not enough to meet the pleading standards under Rule 12(b)(6). *See*
14   *Iqbal*, 556 U.S. at 678 (finding that a claim only has facial plausibility if the plaintiff "pleads
15   factual content that allows the court to draw the reasonable inference that the defendant is liable
16   for the misconduct alleged").

17        It is possible that Plaintiffs could amend the complaint to plead facts to support that US
18   Assure owed a duty to Plaintiffs, or that US Assure is liable to Plaintiffs under some other theory
19   such as ratification. US Assure's motion to dismiss this claim is granted with leave to amend.

20        **B.**    **Negligent Misrepresentation**

21        The elements of negligent misrepresentation are: 1) an assertion of fact, 2) falsity of that
22   assertion, 3) the tortfeasor's lack of reasonable grounds for believing the assertion to be true, 4)
23   the tortfeasor's intent to induce reliance, 5) justifiable reliance by the person to whom the false
24   assertion of fact was made, and 6) damages to that person. *SI 59 LLC v. Variel Warner Ventures,*
25   *LLC*, 29 Cal. App. 5th 146, 154 (2018). US Assure argues that the tort sounds in fraud, and so
26   heightened pleading standards apply.[3] Mot. Dismiss 11-12. The Ninth Circuit has not yet decided

---

[3] *See Lazar v. Superior Ct.,* 12 Cal. 4th 631, 645 (1996) (internal citations omitted) ("[F]raud must be pled specifically. . . . This particularity requirement necessitates pleading *facts* which show

whether heightened pleading standards should apply to negligent misrepresentation claims. *See Radus Tek Servs., Inc. v. IDC Techs. Inc*., No. 5:24-CV-04793-PCP, 2025 WL 586587, at *4 n.3 (N.D. Cal. Feb. 24, 2025). However, courts in this district have held that where a negligent misrepresentation claim is not grounded in fraud, Rule 9(b)'s heightened pleading requirements do not apply. *See, e.g., U.S. Cap. Partners, LLC v. AHMSA Int'l, Inc.,* No. 12-6520 JSC, 2013 WL 594285, at *3-4 (N.D. Cal. Feb. 14, 2013); *Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*, No. 20-CV-00799-PJH, 2020 WL 5993225, at *6 (N.D. Cal. Oct. 9, 2020).

The court finds that Plaintiffs' claim, as pleaded, does not sound in fraud because there is no allegation or suggestion that US Assure knew its representations were false. Since the claim appears to be based on negligence rather than fraud, the heightened pleading requirements of Rule 9(b) do not apply.

However, even under the liberal pleading standards of Rule 8, Plaintiffs fail to state a claim against US Assure. As explained above, the only factual assertions made in the complaint are that US Assure is licensed to do business in California, and that US Assure "presented" Plaintiffs' Policy. Compl. ¶¶ 5, 12. It is not clear what false representations US Assure made or why US Assure would lack reasonable grounds for believing those representations to be true. The court understands Plaintiffs' allegations to state that Brown made a false representation that the Policy would cover Plaintiffs' remodeling project—but there are no allegations that US Assure made any false representation as to what the Policy would cover.

It is possible that Plaintiffs could amend the complaint to clarify how US Assure meets the elements of the claim, or to allege that US Assure is liable for Brown's false representations under some other theory. US Assure's motion to dismiss this claim is granted with leave to amend.

**C.   UCL**

"The UCL prohibits 'unfair competition,' which is broadly defined to include 'three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent.'"

---

how, when, where, to whom, and by what means the representations were tendered.").

*Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1168 (9th Cir. 2012) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999)). "To assert a UCL claim, a plaintiff must show 'a causal connection between [the defendant's] alleged UCL violation and her injury in fact.'" *Weizman v. Talkspace, Inc.*, 705 F. Supp. 3d 984, 988 (N.D. Cal. 2023) (quoting *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010)). Plaintiffs argue that they have met both the unlawful and unfair prongs of the UCL. Opp'n Dismiss 5-6.

"To be 'unlawful' under the UCL, the advertisements must violate another 'borrowed' law." *Davis,* 691 F.3d at 1168. "'[V]irtually any state, federal or local law can serve as the predicate for an action' under section 17200." *Id.* (quoting *People ex rel. Bill Lockyer v. Fremont Life Ins. Co.,* 104 Cal. App. 4th 508, 515 (2002), *as modified on denial of reh'g* (Jan. 16, 2003)). However, a complaint which "does not go beyond alleging a violation of common law" fails to state a claim under the unlawful prong of the UCL. *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1044 (9th Cir. 2010). The complaint does not state which law is serving as the predicate for Plaintiffs' UCL unlawful claim. Plaintiffs' opposition does not help clarify this point. It vaguely cites California Insurance Code sections 1730.5 and 1736, but also returns to the common law tort of negligent failure to obtain insurance coverage. Opp'n Dismiss 6. The court will not consider the California Insurance Code statutes as they are raised for the first time in opposition. Plaintiffs fail to explain how their complaint goes beyond simply alleging a violation of common law such that the injuries would be actionable under the unlawful prong of the UCL.

"The 'unfair' prong of the UCL prohibits a business practice if it 'violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.'" *NorthBay Healthcare Grp. - Hosp. Div. v. Blue Shield of California Life & Health Ins.,* 342 F. Supp. 3d 980, 988 (N.D. Cal. 2018) (quoting *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006)). US Assure argues that Plaintiffs have not demonstrated a causal link between its business practice and Plaintiffs' injury. Mot. Dismiss 12-13. Plaintiffs argue that the mere fact that US Assure presented the Policy is sufficient to demonstrate a causal link. Opp'n Dismiss 6. The court does not find Plaintiffs' argument persuasive. Plaintiffs' harm arose from the alleged mismatch between the insurance they

10

1    requested and the insurance they were sold, not the Policy itself.  There is no explanation for why

2    US Assure simply presenting the Policy caused Plaintiffs harm.  *See Hall v. Time Inc.,* 158 Cal.

3    App. 4th 847, 855 (2008), *as modified* (Jan. 28, 2008) (finding that causation under the UCL

4    "requires a showing of a causal connection or reliance on the alleged misrepresentation").

5         The court grants the motion to dismiss Plaintiffs' UCL claims with leave to amend.

6         **D.**     **FAL**

7         The FAL "prohibits any unfair, deceptive, untrue, or misleading advertising."  *Williams v.*

8    *Gerber Products Co.,* 552 F.3d 934, 938 (9th Cir. 2008) (citing Cal. Bus. & Prof. Code § 17500).

9    Similar to the UCL, a claim under the FAL requires the plaintiff to show a "causal connection"

10   between the false advertising and the plaintiff's harm.  *Ivie v. Kraft Foods Glob., Inc.*, 961 F.

11   Supp. 2d 1033, 1046 (N.D. Cal. 2013) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310,

12   322 (2011)).

13        As discussed above, Plaintiffs did not allege that US Assure made any false statements, let

14   alone that its false advertising caused Plaintiffs harm.  The court grants the motion to dismiss this

15   claim with leave to amend.

16   **V.**     **MOTION TO STRIKE**

17        As the court grants US Assure's motion to dismiss, its motion to strike is moot.  But to

18   foreclose further litigation on this issue if Plaintiffs amend their complaint, the court makes the

19   following findings.

20        US Assure moves to strike only portions of the complaint which reference the types of

21   damages Plaintiffs seek.  Specifically, US Assure moves to strike references to emotional distress

22   damages, attorneys' fees, disgorgement of profits, and Plaintiffs' prayer for relief B ("general

23   damages, according to proof").  Mot. Strike 3.  US Assure argues that these damages are

24   unavailable to Plaintiffs based on their claims as a matter of law.  Plaintiffs oppose, arguing that a

25   Rule 12(f) motion to strike is not appropriate to resolve questions of fact and law such as whether

26   certain types of damages are available as a matter of law.  Opp'n Strike 1.

27        "Rule 12(f) does not authorize district courts to strike claims for damages on the ground

28   that such claims are precluded as a matter of law."  *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d

970, 974–75 (9th Cir. 2010).  In reply, US Assure cites on two cases to support its argument that the court can still strike damages in a complaint.  [Docket No. 27 (Reply Strike) 3.]  One of the cases, *Tapley v. Lockwood Green Eng'rs, Inc.,* 502 F.2d 559 (8th Cir. 1974), is out-of-circuit and predates *Whittlestone* by decades.  The other case, *Susilo v. Wells Fargo Bank, N.A.,* 796 F. Supp. 2d 1177 (C.D. Cal. 2011), cited *Tapley* for the proposition that the court has discretion under Rule 12(f) to strike "a prayer for relief which is not available as a matter of law."  *Id.* at 1196.  *Whittlestone* clearly abrogates *Tapley*, and so the court will not follow *Susilo*.[4]

US Assure's sole basis for its motion to strike is that certain types of damages are unavailable to Plaintiffs based on their allegations as a matter of law.  The court follows *Whittlestone* and denies the motion to strike.

US Assure also argues in the alternative that its motion to strike should be construed by the court as a motion to dismiss damages under Rule 12(b)(6).  As the court already granted US Assure's motion to dismiss the complaint in its entirety, the court declines to consider its motion to strike as a motion to dismiss.

## VI.   CONCLUSION

The court grants US Assure's motion to dismiss all claims against it.  The court denies the motion to strike.  Plaintiffs are granted leave to file an amended complaint as to US Assure by **May 14, 2025.**

**IT IS SO ORDERED.**

Dated: April 30, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

---

[4] Besides, the court in *Susilo* did not grant the defendant's motion to strike the relief.

12